UNITED STATES DISTRICT COURT

for the

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNAMARIA T. RUARK, )<br><br>)<br><br>Plaintiff, )<br><br>)<br>v.  )<br><br>)<br><br>WASHCO AVALON TOWNHOMES, LLC, )<br>WASHCO MANAGEMENT<br>CORPORATION, )<br>WASHCO COMPANIES, )<br>WASHCO HOMES, LLC, )<br>WASHCO HOSPITALITY HOLDINGS, LLC, )<br><br>Defendants. )<br><br>) | Civil Action No. _____<br><br><br>Hon. _____<br><br><br>FILED ELECTRONICALLY<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, Annamaria T. Ruark, by and through undersigned counsel, files this Complaint against Defendants and alleges as follows:

**INTRODUCTION**

1. This is a civil action brought pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, seeking redress for disability discrimination, failure to provide a reasonable accommodation, retaliation, and related violations of federal law.
2. Plaintiff is a disabled individual who has rented her residence from Defendants since December 2018.
3. Throughout her tenancy, Plaintiff repeatedly requested a reasonable accommodation consisting of a designated accessible parking space near her residence because of her mobility impairments.

4. Defendants repeatedly refused to provide the requested accommodation despite receiving medical documentation establishing its necessity.

5. Defendants further refused to engage in the interactive process required by federal law to determine an effective reasonable accommodation.

6. Rather than accommodate Plaintiff's disability, Defendants retaliated against Plaintiff by terminating her tenancy and engaging in additional adverse actions after Plaintiff continued requesting accommodation and informed Defendants of her intent to pursue administrative remedies.

7. Plaintiff seeks all remedies authorized by the Fair Housing Act, including declaratory relief, injunctive relief, compensatory damages, punitive damages, attorney's fees, costs, and such additional relief as the Court deems appropriate.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

9. This Court has jurisdiction pursuant to 42 U.S.C. § 3613(a), which authorizes civil actions for discriminatory housing practices prohibited by the Fair Housing Act.

10. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Franklin County, Pennsylvania, which is within this judicial district.

## PARTIES

12. Plaintiff, Annamaria T. Ruark, is an adult individual residing in Waynesboro, Franklin County, Pennsylvania.

13. Plaintiff has been a tenant at Avalon Townhomes since approximately December 18, 2018.

14. Plaintiff is an individual with a disability as defined by the Fair Housing Act.

15. Plaintiff suffers from significant mobility impairments that substantially limit one or more major life activities, including walking.

16. Plaintiff requires the use of a cane for ambulation.

17. Plaintiff has possessed a state-issued handicap parking placard since approximately 2013 and has continuously maintained handicap parking authorization throughout the events described herein.

18. Defendant Washco Avalon Townhomes, LLC owns, operates, leases, manages, or otherwise controls the Avalon Townhomes residential housing complex located in Franklin County, Pennsylvania.

19. Defendant Washco Management Corporation manages residential housing properties, including Avalon Townhomes.

20. Defendant Washco Companies exercises ownership, operational, managerial, or administrative control over Avalon Townhomes.

21. Defendant Washco Homes, LLC exercises ownership, operational, managerial, or administrative control over Avalon Townhomes.

22. Defendant Washco Hospitality Holdings, LLC exercises ownership, operational, managerial, or administrative control over Avalon Townhomes.

23. Defendant Washco Developments, Inc. exercises ownership, operational, managerial, or administrative control over Avalon Townhomes.

24. Defendant Maxxam Homes exercises ownership, operational, managerial, or administrative control over Avalon Townhomes.

25. At all relevant times, Defendants acted jointly, in concert, as agents of one another, within the scope of their agency and employment, and each exercised substantial authority over housing policies, accommodations, leasing decisions, and tenant relations at Avalon Townhomes.

## FACTUAL BACKGROUND

26. Plaintiff entered into a residential lease with Defendants on or about December 18, 2018.

27. Plaintiff continuously resided at Avalon Townhomes throughout the events described herein.

28. During her tenancy, Plaintiff experienced increasing difficulty walking due to her disability.

29. Plaintiff's disability substantially impaired her ability to walk extended distances between her assigned parking area and her residence.

30. Because of these limitations, Plaintiff required a designated accessible parking space located near the entrance to her residence.

31. Beginning in approximately August 2019, Plaintiff requested that Defendants designate an accessible parking space near her home.

32. Plaintiff explained that the requested accommodation was necessary because of her disability.

33. Defendants denied the request.

34. Plaintiff continued requesting a reasonable accommodation over the following years.

35. Plaintiff repeatedly advised management personnel that the accommodation was medically necessary.

36. On or about November 29, 2021, Plaintiff submitted medical documentation from her treating healthcare provider confirming that she required a parking space closer to her residence because of her disability.

37. The physician's documentation explained that Plaintiff's mobility limitations required parking in close proximity to her residence.

38. Despite receiving this medical documentation, Defendants failed to approve Plaintiff's requested accommodation.

39. Defendants likewise failed to propose any effective alternative accommodation.

40. Defendants failed and refused to engage in any meaningful interactive process concerning Plaintiff's accommodation request.

41. Instead, Defendants simply denied Plaintiff's requests while allowing the discriminatory condition to continue.

42. Plaintiff continued to experience unnecessary pain, increased difficulty walking, and interference with her use and enjoyment of her home because of Defendants' refusal to accommodate her disability.

43. In approximately June 2024, Plaintiff personally traveled to Defendants' corporate offices in Hagerstown, Maryland, seeking reconsideration of her request.

44. During that meeting, Plaintiff again requested a designated handicap parking space.

45. Defendants informed Plaintiff that no accommodation would be provided because they believed the property already contained a sufficient number of accessible parking spaces.

46. Defendants did not evaluate Plaintiff's individual circumstances.

47. Defendants did not discuss alternative accommodations.

48. Defendants did not request additional information from Plaintiff or her healthcare providers.

49. Defendants did not engage in any individualized assessment regarding the necessity or reasonableness of Plaintiff's requested accommodation.

50. As a direct result of Defendants' conduct, Plaintiff continued to be denied equal use and enjoyment of her dwelling as well as systems for the benefit of residents such as convenient online payment of her rent without incurring fees.

51. The Fair Housing Act authorizes an award of punitive damages where a defendant acts intentionally, maliciously, recklessly, or with callous or reckless indifference to federally protected rights.

52. At all relevant times, Defendants possessed actual knowledge that Plaintiff suffered from a disability protected under the Fair Housing Act.

53. Defendants further possessed actual knowledge that Plaintiff repeatedly requested a reasonable accommodation necessary to afford her an equal opportunity to use and enjoy her dwelling.

54. Defendants received multiple requests for accommodation over a period of several years.

55. Defendants received medical documentation confirming Plaintiff's disability and the necessity of the requested accommodation.

56. Despite possessing this knowledge, Defendants intentionally refused to provide the requested accommodation.

57. Defendants intentionally refused to engage in a meaningful interactive process regarding Plaintiff's accommodation requests.

58. Defendants knowingly continued denying Plaintiff equal access to housing-related services and facilities despite their awareness of Plaintiff's federally protected rights.

59. Rather than comply with the Fair Housing Act, Defendants chose to retaliate against Plaintiff for exercising those rights.

60. Defendants terminated Plaintiff's tenancy after she repeatedly requested a reasonable accommodation.

61. Defendants further interfered with Plaintiff's tenancy after she informed them of her intent to pursue administrative remedies under the Fair Housing Act.

62. On information and belief, Defendants' conduct was undertaken pursuant to policies, customs, practices, or decisions made or ratified by individuals possessing managerial or policymaking authority.

63. Defendants' conduct was intentional, malicious, oppressive, willful, wanton, and undertaken with reckless and callous indifference to Plaintiff's federally protected rights.

64. Defendants consciously disregarded the substantial probability that their actions violated the Fair Housing Act.

65. Defendants' conduct demonstrates a deliberate indifference to the rights of disabled tenants and warrants punishment beyond compensatory damages alone.

66. An award of punitive damages is necessary to punish Defendants for their misconduct and to deter Defendants and other housing providers from engaging in similar unlawful discrimination and retaliation in the future.

67. Plaintiff is therefore entitled to recover punitive damages pursuant to 42 U.S.C. § 3613(c) in an amount to be determined by the jury.

## COUNT I

**Violation of the Fair Housing Act – Failure to Make a Reasonable Accommodation**

**(42 U.S.C. § 3604(f)(3)(B))**

68. Plaintiff incorporates by reference Paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69. At all times relevant hereto, Plaintiff was an individual with a disability within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h).

70. Plaintiff's mobility impairments substantially limit one or more major life activities, including walking and ambulating without assistance.

71. Defendants knew or reasonably should have known of Plaintiff's disability throughout her tenancy.

72. Plaintiff repeatedly informed Defendants of her disability beginning no later than August 2019.

73. Plaintiff repeatedly requested a reasonable accommodation consisting of a designated accessible parking space located near the entrance to her residence.

74. The requested accommodation was necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling.

75. The requested accommodation was reasonable.

76. Providing Plaintiff with a designated accessible parking space would have imposed little or no financial or administrative burden upon Defendants.

77. Providing the requested accommodation would not have fundamentally altered the nature of Defendants' housing operations.

78. Plaintiff supplied Defendants with medical documentation establishing the necessity of the requested accommodation.

79. On or about November 29, 2021, Plaintiff submitted a letter from her treating medical provider confirming that, because of her disability, she required a parking space located closer to her residence.

80. Plaintiff supplemented her request with additional medical documentation on or about September 15, 2025, wherein her treating medical provider again confirmed that Plaintiff required parking as close as possible to her residence because of chronic pain and mobility limitations.

81. Despite possessing actual knowledge of Plaintiff's disability and the medical necessity of the requested accommodation, Defendants denied Plaintiff's requests.

82. Defendants failed to engage in a meaningful or good-faith interactive process concerning Plaintiff's requested accommodation.

83. Defendants failed to conduct an individualized assessment of Plaintiff's circumstances.

84. Defendants instead relied upon generalized assertions that the apartment complex already contained a sufficient number of handicap-accessible parking spaces.

85. Defendants' reliance upon the number of existing handicap parking spaces failed to address whether Plaintiff required an assigned or otherwise reasonably located accessible parking space in order to enjoy equal access to her dwelling.

86. Defendants failed to consider reasonable alternatives designed to provide Plaintiff meaningful access to her residence.

87. Defendants continued denying Plaintiff's requested accommodation despite repeated requests over a period of several years.

88. Defendants' refusal to provide a reasonable accommodation denied Plaintiff an equal opportunity to use and enjoy her dwelling.

89. As a direct and foreseeable result of Defendants' conduct, Plaintiff was forced to walk unnecessary distances despite her disability.

90. Plaintiff experienced physical pain, increased difficulty ambulating, inconvenience, embarrassment, frustration, humiliation, emotional distress, anxiety, and loss of the full use and enjoyment of her home.

91. Defendants' refusal to provide the requested accommodation was intentional, willful, reckless, and/or undertaken with deliberate indifference to Plaintiff's federally protected rights.

92. Defendants' conduct constituted discrimination in the terms, conditions, privileges, services, and facilities connected with Plaintiff's dwelling in violation of the Fair Housing Act, including 42 U.S.C. §§ 3604(f)(1), 3604(f)(2), and 3604(f)(3)(B).

93. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained damages and continues to sustain damages.

94. Defendants' conduct entitles Plaintiff to recover all remedies authorized by 42 U.S.C. § 3613(c), including actual damages, compensatory damages, punitive damages, attorney's fees, litigation expenses, costs, declaratory relief, and appropriate equitable and injunctive relief.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

    A. Declare that Defendants violated the Fair Housing Act;

    B. Permanently enjoin Defendants from engaging in further discriminatory housing practices;

    C. Order Defendants to provide Plaintiff with a reasonable accommodation in the form of an accessible parking space located in reasonable proximity to her residence, or such other effective accommodation as the Court deems appropriate;

    D. Award Plaintiff compensatory damages in an amount to be determined at trial;

    E. Award damages for emotional distress, humiliation, inconvenience, and loss of the use and enjoyment of her dwelling;

    F. Award punitive damages to punish and deter Defendants' willful and reckless violations of federal law;

    G. Award reasonable attorney's fees, litigation expenses, expert witness fees where authorized, and costs pursuant to 42 U.S.C. § 3613(c)(2);

    H. Award pre-judgment and post-judgment interest as permitted by law; and

    I. Grant such other and further legal or equitable relief as the Court deems just and proper.

## COUNT II

### Disability Discrimination in the Terms, Conditions, Privileges, Services, and Facilities of Rental Housing

### (Fair Housing Act, 42 U.S.C. §§ 3604(f)(1) and 3604(f)(2))

95. Plaintiff incorporates by reference Paragraphs 1 through 94 of this Complaint as though fully set forth herein.

96. At all times relevant, Plaintiff was an individual with a disability within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h).

97. Defendants owned, leased, managed, operated, controlled, and/or otherwise exercised authority over the residential dwelling occupied by Plaintiff and were subject to the requirements of the Fair Housing Act.

98. Plaintiff was qualified to rent and occupy her dwelling and fully complied with the material terms and conditions of her tenancy.

99. Because of her disability, Plaintiff required equal access to the services, facilities, privileges, and benefits offered in connection with her tenancy, including reasonably accessible parking.

100. The Fair Housing Act prohibits discrimination against a person because of a disability in the terms, conditions, privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling.

101. Defendants intentionally treated Plaintiff differently because of her disability by refusing to provide her meaningful access to parking necessary for the equal use and enjoyment of her residence.

102. Defendants failed to administer their parking policies in a nondiscriminatory manner.

103. Defendants maintained and enforced parking policies that had the effect of denying Plaintiff equal access to housing-related services and facilities because of her disability.

104. Defendants repeatedly refused to modify or administer those policies in a manner that afforded Plaintiff equal housing opportunities.

105. Despite possessing actual knowledge of Plaintiff's disability and her medically documented need for accessible parking, Defendants continued to deny Plaintiff equal access to housing-related services and facilities.

106. Defendants' discriminatory conduct deprived Plaintiff of the same housing benefits and privileges routinely available to nondisabled tenants.

107. Defendants' conduct interfered with Plaintiff's ability to safely enter and leave her residence and substantially diminished her use and enjoyment of the leased premises.

108. On information and belief, Defendants failed to implement adequate policies, training, supervision, and procedures designed to ensure compliance with the Fair Housing Act's disability discrimination requirements.

109. Defendants' discriminatory conduct was not the result of mistake or inadvertence but was undertaken knowingly, intentionally, recklessly, and/or with deliberate indifference to Plaintiff's federally protected rights.

110. Defendants' conduct created unequal terms and conditions of tenancy because Plaintiff was denied housing-related services and facilities available to other tenants on an equal basis.

111. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered physical pain, inconvenience, humiliation, embarrassment, frustration, emotional distress, loss of dignity, and the loss of the full use and enjoyment of her home.

112. Plaintiff has incurred and will continue to incur damages as a direct result of Defendants' violations of the Fair Housing Act.

113. Defendants' actions constitute unlawful discrimination in the terms, conditions, privileges, services, and facilities connected with Plaintiff's dwelling because of her disability, in violation of 42 U.S.C. §§ 3604(f)(1) and 3604(f)(2).

114. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to all remedies available under 42 U.S.C. § 3613(c).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

A. Declare that Defendants violated the Fair Housing Act by discriminating against Plaintiff because of her disability;

B. Permanently enjoin Defendants from engaging in discriminatory housing practices and require them to implement policies and training sufficient to ensure compliance with the Fair Housing Act;

C. Award Plaintiff compensatory damages in an amount to be determined by the jury;

D. Award damages for emotional distress, humiliation, inconvenience, pain and suffering, and loss of the use and enjoyment of her dwelling;

E. Award punitive damages based upon Defendants' intentional, willful, reckless, and deliberately indifferent conduct;

F. Award reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 3613(c)(2);

G. Award pre-judgment and post-judgment interest as permitted by law; and

H. Grant such other and further relief as the Court deems just and proper.

## COUNT III

### Retaliation for Exercising Rights Protected by the Fair Housing Act

### (42 U.S.C. § 3617)

115. Plaintiff incorporates by reference Paragraphs 1 through 114 of this Complaint as though fully set forth herein.

116. Section 3617 of the Fair Housing Act makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act.

117. Plaintiff engaged in activity protected by the Fair Housing Act by requesting reasonable accommodations for her disability.

118. Plaintiff further engaged in protected activity by repeatedly asserting her rights under the Fair Housing Act and requesting that Defendants comply with their obligations to provide a reasonable accommodation.

119. Plaintiff also engaged in protected activity by submitting medical documentation supporting her accommodation requests.

120. Plaintiff continued to advocate for her federally protected rights over a period of several years after Defendants repeatedly denied her requests.

121. On or about November 28, 2025, Plaintiff notified Defendants that she intended to pursue administrative remedies by filing a housing discrimination complaint with the Pennsylvania Human Relations Commission and the United States Department of Housing and Urban Development.

122. Defendants were aware of Plaintiff's protected activities.

123. Shortly after Plaintiff continued requesting reasonable accommodations, Defendants delivered an *Acknowledgment of Notice to Vacate* dated August 29, 2025, advising Plaintiff that her tenancy would be terminated.

124. On or about October 7, 2025, Plaintiff contacted Defendant Beth Graves seeking reconsideration of the decision to terminate her lease.

125. On that same date, Defendant Beth Graves left Plaintiff a voicemail advising that Plaintiff's lease was being terminated because of Plaintiff's continued requests for a designated handicap parking space.

126. Defendant Graves' statement constitutes direct evidence that Plaintiff's protected activity was a motivating factor in Defendants' decision to terminate Plaintiff's tenancy.

127. On or about October 21, 2025, Defendants denied Plaintiff's request that the lease termination decision be reconsidered.

128. After Plaintiff informed Defendants that she intended to file administrative discrimination complaints, Defendants undertook additional retaliatory actions.

129. Among those actions, Defendants disabled Plaintiff's ability to pay her monthly rent through the online payment portal that remained available to other tenants and instead required Plaintiff to contact the leasing office to make rent payments.

130. Defendants' conduct would discourage a reasonable tenant from requesting a reasonable accommodation or exercising rights protected by the Fair Housing Act.

131. The temporal proximity between Plaintiff's protected activities and Defendants' adverse actions further supports an inference of retaliatory motive.

132. Defendants' express statement that Plaintiff's lease was being terminated because of her continued requests for a handicap parking space establishes a direct causal connection between Plaintiff's protected activities and Defendants' adverse actions.

133. Defendants intentionally interfered with, intimidated, coerced, and retaliated against Plaintiff because she exercised rights guaranteed by the Fair Housing Act.

134. Defendants' retaliation was intentional, malicious, willful, reckless, and undertaken with deliberate indifference to Plaintiff's federally protected rights.

135. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff suffered the threatened loss of her housing, emotional distress, anxiety, humiliation, embarrassment, inconvenience, uncertainty regarding her future housing, and other compensable damages.

136. Plaintiff has incurred and will continue to incur damages as a direct result of Defendants' retaliatory conduct.

137. Defendants' conduct constitutes unlawful coercion, intimidation, interference, and retaliation in violation of 42 U.S.C. § 3617.

138. Pursuant to 42 U.S.C. § 3613(c), Plaintiff is entitled to recover actual damages, compensatory damages, punitive damages, attorney's fees, litigation expenses, costs, declaratory relief, injunctive relief, and all other relief authorized by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

A. Declare that Defendants violated 42 U.S.C. § 3617 by retaliating against Plaintiff for exercising rights protected by the Fair Housing Act;

B. Permanently enjoin Defendants from engaging in further retaliation or interference with Plaintiff's exercise of rights protected by federal housing law;

C. Award Plaintiff compensatory damages in an amount to be determined at trial;

D. Award damages for emotional distress, humiliation, inconvenience, loss of housing security, and other noneconomic injuries;

E. Award punitive damages sufficient to punish Defendants and deter similar misconduct in the future;

F. Award reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 3613(c)(2);

G. Award pre-judgment and post-judgment interest as permitted by law; and

H. Grant such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV

### Declaratory and Permanent Injunctive Relief

### (28 U.S.C. §§ 2201–2202; 42 U.S.C. § 3613(c))

139. Plaintiff incorporates by reference Paragraphs 1 through 138 of this Complaint as though fully set forth herein.

140. An actual, immediate, and justiciable controversy exists between Plaintiff and Defendants concerning Defendants' obligations under the Fair Housing Act and Plaintiff's rights thereunder.

141. Plaintiff contends that Defendants have violated, and continue to violate, the Fair Housing Act by discriminating against Plaintiff because of her disability, refusing to provide a reasonable accommodation, and retaliating against Plaintiff for exercising rights protected by federal law.

142. Defendants have denied, and upon information and belief continue to deny, that their conduct violated the Fair Housing Act or that Plaintiff is entitled to the requested accommodations and other relief.

143. Unless enjoined by this Court, there is a substantial likelihood that Defendants will continue to engage in discriminatory housing practices affecting Plaintiff and other disabled tenants.

144. Defendants have failed to adopt and implement adequate policies and procedures to ensure compliance with the Fair Housing Act's requirements concerning reasonable accommodations for disabled tenants.

145. Defendants have further failed to adequately train, supervise, and monitor their employees and agents regarding their obligations under federal fair housing laws.

146. Defendants' unlawful conduct has caused Plaintiff irreparable harm by depriving her of the equal use and enjoyment of her dwelling and by interfering with rights guaranteed by federal law.

147. Monetary damages alone cannot fully remedy the continuing deprivation of Plaintiff's federally protected rights.

148. Plaintiff lacks an adequate remedy at law to prevent Defendants from engaging in future discriminatory practices.

149. The balance of equities strongly favors the issuance of declaratory and permanent injunctive relief because Defendants will suffer little or no hardship from complying with federal law, whereas Plaintiff faces continuing and irreparable harm absent judicial intervention.

150. The public interest is served by eliminating disability discrimination in housing and by ensuring compliance with the Fair Housing Act.

151. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaration of the respective rights and legal obligations of the parties.

152. Pursuant to 42 U.S.C. § 3613(c)(1), this Court is authorized to award permanent injunctive and other equitable relief necessary to remedy Defendants' violations of the Fair Housing Act.

153. Plaintiff is therefore entitled to declaratory and permanent injunctive relief requiring Defendants to cease their unlawful discriminatory practices and to take affirmative steps to ensure compliance with federal law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the following declaratory and equitable relief:

A. Declare that Defendants' conduct violated the Fair Housing Act, including 42 U.S.C. §§ 3604(f)(1), 3604(f)(2), 3604(f)(3)(B), and 3617;

B. Permanently enjoin Defendants, their officers, agents, employees, successors, assigns, and all persons acting in concert with them from discriminating against

Plaintiff or any other person because of disability in violation of the Fair Housing Act;

C.  Order Defendants to immediately provide Plaintiff with a reasonable accommodation in the form of a designated accessible parking space located in reasonable proximity to her residence, or another accommodation that affords Plaintiff an equal opportunity to use and enjoy her dwelling;

D.  Order Defendants to cease all retaliatory conduct against Plaintiff for exercising rights protected under the Fair Housing Act;

E.  Require Defendants to adopt and implement written reasonable-accommodation and anti-retaliation policies consistent with the Fair Housing Act;

F.  Require Defendants to provide fair housing training to all employees, managers, leasing agents, maintenance personnel, and individuals responsible for tenant relations regarding compliance with federal disability discrimination laws;

G.  Require Defendants to maintain records of all requests for reasonable accommodations and the disposition of those requests for a period to be determined by the Court;

H.  Award Plaintiff her reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 3613(c)(2);

I.  Retain jurisdiction to enforce the Court's declaratory and injunctive orders; and

J.  Grant such other and further equitable relief as the Court deems just and proper.

## COUNT V

### Disability Discrimination in Violation of Section 504 of the Rehabilitation Act

### (29 U.S.C. § 794)

166.  Plaintiff incorporates by reference Paragraphs 1 through 165 of this Complaint as though fully set forth herein.

167.  Section 504 of the Rehabilitation Act provides that no otherwise qualified individual with a disability shall, solely by reason of her disability, be excluded from participation in, denied the benefits of, or subjected to discrimination under any program or activity receiving Federal financial assistance.

168.  Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act.

169.  Plaintiff is otherwise qualified to participate in and receive the benefits of Defendants' residential housing program.

170.  Upon information and belief, one or more Defendants constitute a "program or activity" receiving Federal financial assistance within the meaning of 29 U.S.C. § 794.

171.  At all relevant times, Defendants knew Plaintiff suffered from a disability.

172.    Plaintiff repeatedly requested a reasonable accommodation necessary to afford her meaningful access to her dwelling and the services provided in connection with her tenancy.

173.    Plaintiff supplied Defendants with medical documentation confirming both her disability and the necessity of the requested accommodation.

174.    Plaintiff's requested accommodation was reasonable.

175.    The requested accommodation was necessary to provide Plaintiff meaningful access to Defendants' housing program.

176.    Defendants refused to provide the requested accommodation.

177.    Defendants further failed to engage in a meaningful interactive process concerning Plaintiff's accommodation request.

178.    Defendants thereby denied Plaintiff meaningful access to the benefits, services, privileges, and facilities associated with her tenancy.

179.    Defendants intentionally discriminated against Plaintiff because of her disability.

180.    Defendants acted with deliberate indifference to Plaintiff's federally protected rights after receiving repeated notice of her disability and accommodation requests.

181.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical pain, emotional distress, humiliation, inconvenience, loss of the use and enjoyment of her dwelling, and other compensable damages.

182.    Defendants' conduct violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

183.    Plaintiff is entitled to recover all available legal and equitable relief, including compensatory damages, attorney's fees, costs, declaratory relief, and permanent injunctive relief.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants and seeks:

A. Compensatory damages;
B. Declaratory relief;
C. Permanent injunctive relief;
D. Attorney's fees and litigation expenses as authorized by law;
E. Costs of suit;
F. Prejudgment and post-judgment interest; and
G. Such other relief as the Court deems just and proper.

## COUNT VI

### Retaliation in Violation of Section 504 of the Rehabilitation Act

### (29 U.S.C. § 794)

184.    Plaintiff incorporates by reference Paragraphs 1 through 183 of this Complaint.

185.    Plaintiff engaged in protected activity by requesting reasonable accommodations for her disability.

186.    Plaintiff further engaged in protected activity by repeatedly opposing disability discrimination and asserting rights guaranteed by federal disability discrimination laws.

187.    Defendants were aware of Plaintiff's protected activities.

188.    Shortly after Plaintiff repeatedly exercised her protected rights, Defendants began taking adverse actions against her.

189.    Those adverse actions included terminating Plaintiff's tenancy.

190.    Defendants further retaliated against Plaintiff after she advised Defendants of her intention to pursue administrative remedies.

191.    Defendants' retaliatory conduct included restricting Plaintiff's access to the online rent payment system and otherwise interfering with her tenancy.

192.    Defendants' adverse actions would deter a reasonable disabled tenant from exercising rights protected under federal disability discrimination laws.

193.    Plaintiff's protected activities were a substantial and motivating factor in Defendants' decision to take adverse action against her.

194.    Defendants acted intentionally and with deliberate indifference toward Plaintiff's federally protected rights.

195.    As a direct and proximate result of Defendants' retaliation, Plaintiff suffered economic loss, emotional distress, humiliation, inconvenience, anxiety, and other damages.

196.    Defendants' conduct violated Section 504 of the Rehabilitation Act.

197.    Plaintiff is entitled to recover all legal and equitable relief authorized by law.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants and seeks:

A.  Compensatory damages;
B.  Declaratory relief;

C.  Permanent injunctive relief;

D.  Attorney's fees and costs;

E.  Prejudgment and post-judgment interest; and

F.  Such other relief as the Court deems just and proper.


## NOTICE OF PENDING ADMINISTRATIVE EXHAUSTION AND RESERVATION OF RIGHT TO AMEND

198.    Prior to commencing this civil action, Plaintiff timely initiated administrative proceedings by filing a housing discrimination complaint with the Pennsylvania Human Relations Commission ("PHRC"), which was dual-filed with the United States Department of Housing and Urban Development ("HUD"), arising out of the same facts, transactions, and occurrences alleged in this Complaint.

199.    Plaintiff's pending administrative complaint alleges, among other things, disability discrimination, failure to provide a reasonable accommodation, retaliation, and aiding and abetting unlawful discriminatory practices arising from Defendants' conduct.

200.    Plaintiff has elected to pursue in this action only those claims for which administrative exhaustion is not a prerequisite, including her claims under the Fair Housing Act, 42 U.S.C. §§ 3601–3619.

201.    Plaintiff recognizes that claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951–963, are generally subject to the PHRA's administrative exhaustion requirements before they may be asserted in a civil action.

202.    Accordingly, Plaintiff does not presently assert claims under the PHRA in this action and expressly reserves those claims pending completion of the PHRC administrative process or such earlier time as the claims become legally ripe for judicial review.

203.    Plaintiff further reserves the right to assert claims under 43 P.S. § 955(e) against those individual persons who aided, abetted, incited, compelled, or coerced the discriminatory and retaliatory conduct alleged herein, including those individuals identified in the pending administrative complaint, following satisfaction of the PHRA's administrative exhaustion requirements.

204.    Plaintiff anticipates that the PHRA claims will arise from the identical nucleus of operative facts set forth in this Complaint and will involve substantially the same witnesses, documentary evidence, and legal issues as the federal claims presently before this Court.

205.    Permitting amendment following administrative exhaustion will promote judicial economy, avoid duplicative litigation, conserve the resources of the parties and the Court, and permit all related federal and state claims arising from the same course of conduct to be adjudicated in a single proceeding.

206. Upon completion of the PHRC administrative proceedings, or upon receipt of a notice or other determination authorizing the commencement of a civil action under the PHRA, Plaintiff intends to promptly seek leave of Court pursuant to Federal Rule of Civil Procedure 15(a)(2) and, if applicable, Rule 15(d), to file an amended complaint asserting supplemental state-law claims under the PHRA and adding the appropriate individual defendants alleged to be liable under 43 P.S. § 955(e).

207. Plaintiff respectfully submits that any such amendment should relate to the same transactions and occurrences alleged herein and should therefore be freely permitted in the interests of justice pursuant to Federal Rule of Civil Procedure 15 and the liberal amendment policy recognized by the United States Court of Appeals for the Third Circuit.

208. Nothing contained in this Complaint shall be construed as a waiver, abandonment, election of remedies, or relinquishment of any claim or remedy available to Plaintiff under the Pennsylvania Human Relations Act or any other applicable provision of state or federal law. Plaintiff expressly reserves all such rights pending completion of the administrative process.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all such triable claims.


Dated: July 31, 2026                    By:    /s/ Jason E. Piatt

                                        Jason E. Piatt, Esq.
                                        Counsel for the Plaintiff
                                        PIATT LAW, PLLC
                                        20 East Sixth Street, Suite 205
                                        Waynesboro, PA 17268
                                        PH: 717.655.5487